### Chicago & Eastern Illinois R. R. Co. v. A. E. Foster et al.

1. APPELLATE COURT PRACTICE—*No Errors To Be Assigned upon Evidence Not Objected To.*—Where the abstract does not show that evidence was objected to in the trial court, no error can be assigned upon its admission.

2. SAME—*Where the Verdict is Against the Evidence.*—Where the verdict is against the evidence the judgment will be reversed and the cause remanded.

**Trespass on the Case,** for injury to horses during transportation. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

JOHN R. EDEN and J. K. MARTIN, attorneys for appellant.

HARBAUGH & THOMPSON, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

On the 8th of July, 1902, appellees, who are horse buyers, shipped twenty head of horses over appellant's railroad from Sullivan to Chicago. When the horses arrived at their destination several of them were injured. Appellees brought suit to recover damages for the injury caused to the horses and in the declaration charged that the car was unsafe and insecure for the purpose of carrying horses and that by reason of such defective car they were injured. Appellant pleaded the general issue and a special plea alleging that the horses were received by it under a special contract in writing, signed by appellees, containing a condition that the shippers were to inspect the car in which the horses were to be shipped and satisfy themselves

that the car was sufficient and safe, and that appellant should not be liable on account of any loss or injury to said stock by reason of any defective condition of the car, and that appellant gave appellees an opportunity to inspect the car in which the shipment was made and that they accepted the same under the terms and conditions of the contract; also a third plea whereby it was alleged that such agreement further provided that no claim for damages which might accrue to appellee should be allowed or sued for unless a claim should be made in writing, verified by the affidavit of appellees or their agent, and delivered to the agent of appellant within five days from the time that the horses should be removed from the car; and alleging that appellees did not, within five days from the time said horses were removed from the car, make the said claim in writing and deliver the same to appellant's agent. To the second plea, appellees filed a replication alleging that at the time of the delivery of the horses they did not know the contents of the contract and did not know they were required to inspect the car, and that they did not voluntarily and understandingly enter into said contract. Appellant rejoined to appellees' replication alleging that appellees knew at the time of the delivery of the horses that the contents of the contract required them to inspect the car. To the third plea they replied that appellant had waived the condition set forth in the plea. The case was submitted to the jury upon three issues : First, were the horses injured by reason of the defective condition of the car; second, were appellees by the terms of the written contract required to inspect the car and did they thereby assume any loss occasioned by their failure to do so; third, was the condition requiring their claim for damages to be lodged with the agent of the company verified by affidavit, waived.

The jury returned a verdict in favor of appellees for $172. On the second and third issues mentioned, we think the preponderance of the evidence was with the appellees. Appellees were not asked to inspect the car and the bill of

lading or contract of shipping was not seen by them until after the car was loaded by appellant and they did not know the conditions of the contract until that time. It is not disputed that appellees did notify appellant of their claim for damages and that appellant acted upon it without any objection as to the form in which the claim was presented. As to the issue formed by the first plea, however, the clear preponderance of the evidence shows that the car was in good condition at the time it left Sullivan and that the injury to the horses must have arisen from their excited and wild condition. Most of the bruises and cuts found on the horses when they arrived in Chicago, show, from the nature and location, as testified to by appellee Finley and others, that the horses inflicted them on themselves or each other by reason of their fright. The conductor of the train testified that the horses were greatly excited at Arthur and that he got one of the horses up that was down. The evidence further shows that the slat that was found broken at Chicago on the car in which the horses were carried was a fresh break, indicating that it was probably done by the horses. Finley stands alone in testifying to the defective condition of the car and is flatly contradicted by four witnesses, the station agent at Sullivan, the conductor from Sullivan to Rossville, the car inspector at Sullivan, and the conductor from Rossville to Chicago, all of whom examined the car in question, either before it was loaded or while it was *en route* to Chicago, and say that it was in good condition.

These facts lead us to the conclusion that the jury must have been actuated by prejudice against the railroad company or that they did not understand the evidence. They were doubtless misled by the evidence of Finley as to the statement of an alleged representative of the company made to Finley when the car arrived in Chicago, viz: "Your horses are seriously damaged and it is no question but what the car was the cause. You sell them horses and put in your bill and they will settle." It was not shown that this person was a representative of the

company, nor does Finley pretend to give the name.    Had this evidence been objected to, the court would doubtless have excluded it; but as it does not appear in the abstract that it was objected to, no error can be assigned upon its admission.

The verdict was against the evidence and the judgment will be reversed and the cause remanded.